# CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant LESTER M. ENCALADE, JR.**
**United States Army, Appellant**

ARMY 20120642

Headquarters, Eighth Army
Thomas M. Kulish, Military Judge
Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle; JA, Lieutenant Colonel Peter Kageleiry, Jr. JA; Major Amy E. Nieman, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sam Gabremariam, JA; Captain Nathan S. Mammen, JA (on brief).

22 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

TELLITOCCI, Judge:

A general court-martial composed of a panel of officers and enlisted members convicted appellant, contrary to his pleas, of one specification of violating a lawful general regulation, one specification of aggravated sexual assault, one specification of wrongful sexual contact, and one specification of forcible sodomy, in violation of Articles 92, 120, and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, and 925 (2006 & Supp. IV 2011) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, twenty-one months of confinement, total forfeiture of all pay and allowances, and reduction to the grade of E-1. *The convening authority approved only the bad-conduct discharge and twenty months of confinement.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief. Those matters raised

*Corrected

personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.

Appellant was charged with and convicted of, *inter alia,* a violation of Army Regulation 600-20 for a relationship he had with a female soldier in the rank of Private E2. The specific section which appellant was convicted of violating prohibits relationships between soldiers of different ranks if they "[c]ompromise, or appear to compromise, the integrity of supervisory authority or the chain of command." Army Reg. 600-20, Army Command Policy, para. 4-14b(1) (18 Mar. 2008) (Update 20 Sept. 2012). This provision does not strictly prohibit relationships between lower enlisted soldiers and noncommissioned officers unless they actually compromise, or appear to compromise, supervisory authority or the chain of command. *See United States v. Bourne*, ARMY 20120481, 2013 WL 6797602, at *4 (Army Ct. Crim. App. 19 Dec. 2013) (mem. op.).

The record is bereft of evidence of a supervisory or chain of command relationship between appellant and the junior soldier. Nor does the record contain evidence of compromise of any other person's supervisory authority or any relevant chain of command. As the relationship in question is not a *per se* regulatory violation, the absence of any evidence of the aggravating element is fatal to this particular specification. As the government counsel at trial argued, albeit with a different perspective in mind, "this is a no brainer."

We therefore find the conviction of Charge I and its Specification legally and factually insufficient and will take action in our decretal paragraph.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Second, appellant was sentenced by members, but because the remaining offenses are not based on customs of the service, this factor has less weight. Third, we find the nature of the remaining offenses still captures the gravamen of the original specifications, and the evidence of the disparity in rank between appellant and his victim, at the heart of the dismissed offense, was properly admitted for consideration as aggravation for the remaining offenses. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

ENCALADE – ARMY 20120642

Accordingly, the findings of guilty as to Charge I and its Specification are set aside and that charge and its specification are dismissed. The remaining findings of guilty are AFFIRMED. In reassessing the sentence, based on the noted error and the entire record, we AFFIRM the sentence as approved. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3